```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


ALBERT M. ROBINSON AND ANITA     §
ROBINSON,                        §
                                 §
     Plaintiffs,                 §
                                 §
VS.                              §   CIVIL ACTION H-11-0654
                                 §
                                 §
CITY OF HOUSTON, THE HOUSTON     §
POLICE DEPARTMENT, HOUSTON       §
PUBLIC WORKS AND ENGINEERING     §
DEPARTMENT, HOUSTON              §
NEIGHBORHOOD PROTECTION          §
DIVISION, HOUSTON WATER          §
DEPARTMENT, MICHAEL MARCOTTE     §
MONTECELLA FLANIKEN, RICHARD     §
NORDQUIST, DONNA FREILEY,        §
CHRISTOPHER SILVA, FRED          §
GARTNER, KAREN LEBACK, BERNICE   §
McNEESE, AND THE ESTATE OF       §
BERNICE McNEESE,                 §
                                 §
     Defendants.                 §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause are the following motions: (1) *pro se* Plaintiffs Albert M. Robinson and Anita Robinson's motion for entry of default against Defendants The City of Houston, Houston Police Department, Public Works and Engineering Department, Houston Water Department, and Houston Neighborhood Protection Division, pursuant to Federal Rule of Civil Procedure 55(a) (instrument #5); (2) Plaintiffs' motion for default against Defendant Bernice McNeese, pursuant to Rule 55 (#6); (3) Plaintiffs ' motion for entry of default against Defendant Donna

Freiley pursuant to Rule 55 (#7); (4) Plaintiffs' motion for entry of default against Defendant Richard Nordquist, pursuant to Rule 55(a) (#9); (5) Plaintiffs' request that the court record the delivery details of Plaintiff's service upon the Defendants (#10); (6) Plaintiffs' motion for entry of default against Defendant Christopher Silva, pursuant to Rule 55(a)(#11); and Plaintiffs' motion to have the objection stricken from the record (#18).  The last motion is based on Plaintiffs' allegation that Senior Assistant City Attorney Robert L. Cambrice, in filing objections (#12) to Plaintiffs' motion for entry of default, used a fictitious bar number and failed to identify himself as "attorney in charge" under the signature block.

In response to Plaintiffs' motions for entry of default, Mr. Cambrice on behalf of Defendants filed objections (#12) and amended objections (#12).  With documentary evidence attached to these objections, Defendants demonstrate that in response to Plaintiffs' "Notice of a lawsuit and Request to Waive Service of Summons" relating to each Defendant, Plaintiffs were informed by two letters that Defendants declined to waive service, yet Plaintiffs nevertheless filed their motions for entry of default.  Moreover, they point out that Rule 4(d)(Waiver of Service) does not apply to governmental entities such as the City of Houston and that government officials sued in their official capacities such as Silva, Freiley, Nordquist, Flaniken, and Gartner.  *Libertarian*

*Party v. Dardenne*, 595 F.3d 215, 218-19 (5th Cir. 2010). *See also Moore v. Hosemann*, 591 F.3d 741, 747 (5th Cir. 2009)("a state official sued in his official capacity is not subject to the mandatory waiver-of-service provision of rule 4(d)"). Moreover, service on the individual officers does not effect service on the City of Houston or its departments since none is the chief executive officer for the City of Houston. Fed. R. Civ. P. 4(j)(2).

The Court agrees. The proper procedure for serving a local government is set out in Rule 4(j)(2). Plaintiffs have failed to effect service on those Defendants against whom they seek entry of default. Thus the Court does not have personal jurisdiction over these defendants because process was not issued with a summons that was issued, signed, and sealed by the clerk of the court and was not served on the chief executive officer for the City of Houston. Such a defect is fundamental and cannot be waived. *Ayres . Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568-70 (3d Cir. 1996). An entry of default requires that process be properly served. *Maryland State Firemen Assoc. V. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996)("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.").

Furthermore, in response to Plaintiffs' motion to have objections stricken, Mr. Cambrice explains that he did not submit

a fictitious bar number, but made a typographical error with regard to one number.  He also claims that the "attorney in charge" complaint is "purposeless," because Plaintiffs know he is the attorney with the City of Houston Legal Department handling this case.  Nevertheless he has corrected the omission.  The Court agrees that Plaintiffs' motion lacks merit.

Accordingly, because service has not been properly effected on the named Defendants, the Court

ORDERS that Plaintiffs' motions for entry of default (#5, 6,7,9,and 11 are DENIED.  The Court further

ORDERS the Plaintiffs' request that the court record the delivery details of Plaintiff's service upon the Defendants (#10) and motion to have the objection stricken (#18) are DENIED.

**SIGNED** at Houston, Texas, this  11th  day of  May , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE